979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John ARRINGTON, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Teresa BROWN, a/k/a Teressas Johnson, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Cassandra BRASWELL, a/k/a Sandra, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hope Charnice LAWSON, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Martha Charice COOK, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mayso A. LAWRENCE, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jamws FORRESTER, a/k/a JJ, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Otis PAYNE, a/k/a Omar, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Tommy Lee CANTY, Jr., Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Anthony Rayfiels WILSON, a/k/a Ray, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Samantha WALLACE, a/k/a Sam, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lacy Lee MELVIN, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Colbert TOLIVER, a/k/a Pumpkin, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Donald KIRKLAND, a/k/a Popcorn, Defendant-Appellant.
 Nos. 90-5384, 90-5392, 90-5393, 90-5394.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 1, 1992
Decided: November 23, 1992
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior District Judge.
 Argued: Harvey Greenberg, Towson, Maryland; Harry D. McKnett, Columbia, Maryland; Lonnie Dayton Nunley, III, Hunton & Williams, Richmond, Virginia; George McDowell, Baltimore, Maryland; Stephen Larios Prevas, Prevas & Prevas, Baltimore, Maryland; Alan C. Drew, Law Offices of Alan C. Drew, Upper Marlboro, Maryland; Richard William Winelander, Baltimore, Maryland, for Appellants.
 John Vincent Geise, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 On Brief: Lori S. Simpson, Towson, Maryland; David Richard Solomon, Solomon & Durkin, Baltimore, Maryland; Phillip Leventhal, Gaithersburg, Maryland; Walter C. McCord, Jr., Baltimore, Maryland; Jeffrey C. Hines, Baltimore, Maryland; John David Ash, Baltimore, Maryland; Benjamin A. Neil, Benjamin A. Neil & Associates, Baltimore, Maryland; Thomas James McNicholas, Baltimore, Maryland, for Appellants.
 Richard D. Bennett, United States Attorney, Andrea L. Smith, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART, AND REMANDED FOR RESENTENCING.
 Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Arrington, Teresa Brown, Cassandra Braswell, Hope Charnice Lawson, Martha Charice Cook, Mayso A. Lawrence, James Forrester, Otis Payne, Tommy Lee Canty, Jr., Anthony Rayfield Wilson, Samantha Wallace, Lacy Lee Melvin, Colbert Toliver, and Donald Kirkland appeal their convictions based on their participation in an extensive narcotics conspiracy. See 21 U.S.C.A. § 846 (West Supp. 1992). Although Appellants raise numerous issues, our review reveals that the only errors committed by the district court pertain to the calculation of the base offense levels for Wallace, Toliver, and Wilson. Accordingly, we remand for resentencing of these Appellants. We affirm the convictions and sentences for the remaining Appellants.
 
 I.
 
 2
 During the mid-1980s, Tommy Lee Canty organized and managed a multilayered drug conspiracy in Baltimore, Maryland. He purchased cocaine and heroin from sources in New York, Miami, and Los Angeles. Canty processed and packaged the drugs for distribution through an extensive network that included Appellants and numerous other individuals.
 
 
 3
 Local authorities began to investigate the Canty organization in 1987, and federal officials joined the effort in 1988. Following an investigation utilizing undercover infiltration and wiretaps, 26 members of the conspiracy were arrested. In late 1989, a grand jury indicted these individuals with, inter alia, conspiracy to distribute cocaine and heroin from January 1986 to May 1989.
 
 
 4
 Prior to trial, many of the defendants entered guilty pleas. Appellants proceeded to trial. After several weeks of trial, Arrington entered a plea of guilty for his role in the conspiracy. The jury returned verdicts of guilty against the remaining Appellants.
 
 II.
 
 5
 At sentencing, the district court attributed 50 kilograms of cocaine to Wallace, Toliver, and Wilson,[1] resulting in a base offense level of 36. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(c)(4) (Nov. 1989). They complain that assignment of this amount of cocaine to them was clearly erroneous based on their knowledge of and involvement in the conspiracy. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990).
 
 
 6
 The quantity of controlled substances involved in a drug offense determines, in significant measure, the calculation of the sentencing range under the sentencing guidelines. See U.S.S.G. § 2D1.1(c). To arrive at the proper drug quantity, the guidelines require consideration of "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1). In conspiracies involving drug offenses, the quantity of controlled substances for which each participant will be held accountable may vary. See U.S.S.G. § 1B1.3, comment. (n.1). The commentary to the relevant conduct guideline provides:
 
 
 7
 Because a count may be broadly worded and include the conduct of many participants over a substantial period of time, the scope of the jointly-undertaken criminal activity, and hence relevant conduct, is not necessarily the same for every participant. Where it is established that the conduct was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake, such conduct is not included in establishing the defendant's offense level under this guideline.
 
 
 8
 Id. Accordingly, to identify the proper sentencing range for a participant in jointly-undertaken criminal activity, such as a conspiracy to distribute drugs, the sentencing court must determine the scope of the criminal activity the defendant agreed to jointly undertake. Id. Then, the court must determine whether conduct of the defendant or others was in furtherance of the agreement and reasonably foreseeable within the scope of the agreement. Id. When an issue regarding the amount of drugs is properly raised, the district court must make an independent resolution of this factual issue at sentencing. See U.S.S.G. § 6A1.3(b), p.s.; United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991).
 
 
 9
 During oral argument before this court, the Government essentially conceded that the district court did not articulate a specific basis for attributing 50 kilograms of cocaine to Wallace, Toliver, and Wilson[2] and assigning to them a base offense level of 36. Consequently, we remand for resentencing and instruct the district court to articulate findings regarding the amount of drugs for which these Appellants should be held accountable in accordance with the principles set forth in U.S.S.G. § 1B1.3.[3]
 
 III.
 
 10
 Appellants present a plethora of other issues which they maintain should be resolved in their favor. These alleged errors include a claim that the indictment included duplicitous counts, that the joint state- federal investigation violated rights guaranteed by the Due Process Clause, and that the district court improperly denied their motions to sever the trial. After careful review of these contentions and the record, we find that these claims lack merit.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART,
 
 AND REMANDED FOR RESENTENCING
 
 
 [1]
 Kirkland also questions the calculation of his base offense level under U.S.S.G. § 2D1.1(c)(4) and U.S.S.G. § 1B1.3. The record demonstrates that the district court properly articulated its reasons for attributing 50 kilograms of cocaine to Kirkland. We therefore reject his contention that this finding was clearly erroneous. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990)
 
 
 [2]
 The remaining Appellants did not properly preserve this issue for our consideration. Even if they had, the record demonstrates that the district court properly articulated its basis for calculation of their base offense levels, thus setting forth factual findings that are not clearly erroneous. See Goff, 907 F.2d at 1444
 
 
 [3]
 We note that an enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, was improperly applied to Wallace under the holding of United States v. Dunnigan, 944 F.2d 178 (4th Cir. 1991), cert. granted, 112 S. Ct. 2272 (1992), which was decided after this sentencing hearing was held