46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Maurice MCNEIL, Defendant-Appellant.
 No. 94-5367.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Jan. 24, 1995.
 
 William E. Martin, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before HAMILTON and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Maurice McNeil was convicted of possession of a firearm as a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). McNeil was sentenced under the federal guidelines to 260 months imprisonment and three years of supervised release. McNeil appeals both his conviction and sentence, claiming that the district court's jury instruction on constructive possession was an abuse of discretion, and that the sentencing judge improperly assigned McNeil a base offense level of thirty-four. For the reasons stated below, we affirm.
 
 
 2
 McNeil was involved in a dispute over money between two acquaintances, Michael Brandon and Walter Jackson, Jr. As Brandon and Jackson argued, McNeil put a silver-colored handgun to Jackson's head. Brandon took the money from Jackson, whereupon McNeil struck Jackson in the head with the gun. Jackson fled the area and summoned the police.
 
 
 3
 When police arrived, McNeil and Brandon entered a nearby apartment. The police obtained consent to search the apartment and entered. An officer found Brandon hiding in a closet and took him into custody. A second officer found McNeil in the front bedroom. The officer who had discovered Brandon also searched portions of the house, including a closet in the adjoining bathroom, but found no weapon. He left the house briefly, but was informed by a fellow officer that the man who had struck Jackson was still inside, and had gold teeth.
 
 
 4
 The officer reentered the apartment. Once inside, he heard someone open and close the bathroom closet door. As the officer moved to investigate, McNeil emerged from the bathroom. Seeing that McNeil had gold teeth, the officer handcuffed McNeil, placing him in investigative detention. A second search of the bathroom closet produced a silver Smith and Wesson nine millimeter semi-automatic handgun and a leather pouch containing crack cocaine, both resting in plain view on a shelf. McNeil was arrested for possessing the gun.
 
 
 5
 At McNeil's trial on the weapons charge, the district court judge instructed the jury on the legal theory of constructive possession, over defense counsel's objection. McNeil contends on appeal that because there was no evidence that he occupied or otherwise controlled the apartment where the gun was found, constructive possession did not apply.
 
 
 6
 McNeil also insists that the sentencing court used the wrong offense level in calculating his sentence. The court held that McNeil's offense level was thirty-four, based on a finding that McNeil, an armed career criminal under the sentencing guidelines, possessed the handgun in connection with a crime of violence or a drug offense. At the sentencing hearing, the defense argued the evidence did not show that McNeil either participated in a robbery or possessed the cocaine. The judge adopted the findings contained in the presentence report and set McNeil's offense level at thirty-four. McNeil asserts on appeal that the record does not support this result, adding that the sentencing judge failed to make independent findings of fact on the record to support his decision.
 
 I. Constructive Possession
 
 7
 McNeil maintains that "the record is totally devoid of one of the factual elements necessary to establish constructive possession, specifically, dominion and control over the place where the gun was discovered." (Brief for Appellant at 10). He contends, therefore, that the district court erred in instructing the jury on the theory of constructive possession. We review a contested jury instruction for abuse of discretion. United States v. Park, 421 U.S. 658, 675 (1975).
 
 
 8
 "Constructive possession exists when the defendant exercises or has the power to exercise, dominion and control over the item[,]" United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980), and has knowledge of the item's presence. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992). Both elements may be established by circumstantial evidence. United States v. Zandi, 769 F.2d 229, 234-35 (4th Cir.1985). "[P]roximity to contraband is not enough to constitute constructive possession; however, 'where other circumstantial evidence ... is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges.' " United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.1980) (citation omitted) (quoting United States v. Whitmire, 595 F.2d 1303, 1316 (5th Cir.1979)).
 
 
 9
 The evidence establishing McNeil's constructive possession of the gun, as discussed above, is compelling. The evidence strongly suggests that the gun in the closet was the same gun McNeil was carrying outside, and that he put the gun in the bathroom closet after the police had conducted their initial search. Accordingly, we find that the district judge acted within his discretion in instructing the jury on constructive possession.
 
 II. McNeil's Offense Level
 
 10
 McNeil also questions the length of his sentence. Under section 4B1.4(a) of the sentencing guidelines, McNeil was classified as an armed career offender, based upon his prior criminal activity. 18 U.S.C.A. Sec. 924(e) (West Supp.1994); United States Sentencing Commission, Guidelines Manual, Sec. 4B1.4 (Nov.1993). Section Sec. 4B1.4(b)(3)(A) prescribes an offense level of thirty-four for an armed career criminal convicted of possession of a firearm, "if the defendant used or possessed the firearm ... in connection with a crime of violence or controlled substance offense, as described in 4B1.2(1)."[1] U.S.S.G. Sec. 4B1.4(b)(3)(A). In her presentence report, the Probation Officer found that McNeil possessed the firearm in connec tion with armed robbery and possession of cocaine with intent to manufacture, sell and deliver.
 
 
 11
 Objecting to his base offense level, McNeil asserts that there was insufficient evidence for the sentencing judge to find that McNeil either participated in a robbery or possessed the cocaine found in the closet. McNeil also contends that the judge failed to articulate the basis for his determination. McNeil seeks either a reversal, or a remand with instructions to the sentencing court to make appropriate findings of fact on the record.
 
 
 12
 Although the sentencing judge must independently rule on any contested issues of fact, United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993), a judge may satisfy this requirement by expressly adopting the presentence report's findings. United States v. Morgan, 942 F.2d 243, 245 (4th Cir.1991), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). "The burden is on the defendant to show the inaccuracy or unreliability of the presentence report." United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). "Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [presentence report] without more specific inquiry or explanation.' " Id. (quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir.1990)).
 
 
 13
 McNeil contends that the sentencing judge did not explicitly adopt the findings in the presentence report, or make his own finding that McNeil possessed the gun in relation to a crime of violence or drug offense. From the record, it is clear that the sentencing judge adopted the findings in the presentence report. At the conclusion of the hearing, having heard and rejected defense counsel's arguments regarding both the robbery and cocaine possession, the judge stated specifically, "The Court will adopt the presentence report as presented."
 
 
 14
 The judge's unequivocal adoption of the presentence report satisfies the requirements of Fed.R.Crim.P. 32(c)(3)(D), as developed in United States v. Morgan, 942 F.2d at 246, because "the context of the ruling makes clear that the district court intended to rule on each of the alleged factual inaccuracies." Unlike Morgan, the sentencing judge here was faced with only one issue--the proper offense level for McNeil's crime. The defense objected to the Probation Officer's findings that McNeil possessed the gun in connection with either a robbery or a cocaine offense, or both. The sentencing judge found that the defense offered no evidence rebutting either of these findings. We conclude, therefore, that the sentencing judge made an independent finding that the Probation Officer's recommendations in the presentence report were supported by the evidence. See Morgan, 942 F.2d at 246.
 
 
 15
 McNeil also maintains that there was insufficient evidence to permit a finding that McNeil participated in a robbery or possessed cocaine. At sentencing, findings of fact are made under a preponderance of the evidence standard. Morgan, 942 F.2d at 246 (citing United States v. Urrego-Linares, 879 F.2d 1234, 1238 (4th Cir.), cert. denied, 493 U.S. 943 (1989)). Because the evidentiary standard is less than is required at a criminal trial, the court may "consider misconduct that did not result in conviction" when imposing a sentence. Morgan, 942 F.2d at 246 (citing United States v. Talbott, 902 F.2d 1129, 1133 (4th Cir.1990)). This Court reviews a sentencing court's factfinding for clear error. United States v. White, 875 F.2d 427, 431 (4th Cir.1989); United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989).
 
 
 16
 Our review of the record reveals sufficient grounds to uphold McNeil's sentence, based upon his role in the robbery of Walter Jackson, Jr. Trial testimony revealed that Jackson and Brandon were involved in an argument over money, and that McNeil put a gun to Jackson's head, enabling Brandon to take money from Jackson. After the money was taken, McNeil hit Jackson in the head with the weapon, causing him to flee. In light of the lower evidentiary standard at sentencing, we uphold the district court's finding that McNeil possessed a firearm in connection with a robbery.[2]
 
 
 17
 McNeil's participation in a robbery requires that he be sentenced under a base offense level of thirty-four, U.S.S.G. Sec. 4B1.4(b)(3)(A), irrespective of his relationship to the cocaine. Although we need not address the cocaine issue, we note that while the evidence linking McNeil to the drugs is scant, the circumstances show more than McNeil's mere proximity to the closet where the cocaine was found. Cf. Goldsmith v. Witkowski, 981 F.2d 697, 700-02 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3853 (U.S.1993); United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984).
 
 
 18
 Finding no error below, we affirm McNeil's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Section 4B1.2 defines a "crime of violence" as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... has as an element the use, attempted use, or threatened use of physical force against the person or another." U.S.S.G. Sec. 4B1.2(1)(i). A controlled substance offense is "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. Sec. 4B1.2
 
 
 [2]
 On appeal, the government for the first time suggests that McNeil possessed the gun in connection with another "crime of violence" under the sentencing guidelines--Assault with a Deadly Weapon. (Brief for Appellee at 8). Neither the Probation Officer nor the sentencing judge used this crime as grounds for imposing the offense level. Accordingly, we do not address whether McNeil committed an assault with a deadly weapon