**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor MORGAN, Defendant–Appellant.**

**No. 90–5701.**

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1991.

Decided Aug. 1, 1991.

J. Michael Benninger, Wilson, Frame & Metheney, Morgantown, W.Va., for defendant-appellant.

Sam G. Nazzaro, Office of the U.S. Atty., argued, Wheeling, W.Va. (William A. Kolibash, U.S. Atty., Sherry L. Muncy, Asst. U.S. Atty., Elkins, W.Va., on brief), for plaintiff-appellee.

Before WILKINSON and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

## OPINION

WILKINS, Circuit Judge:

Victor Morgan challenges his convictions of and sentence for conspiring to distribute cocaine base, 21 U.S.C.A. § 846 (West Supp.1991), and aiding and abetting distribution of cocaine base, 21 U.S.C.A. § 841(a) (West 1981). We find no merit to Morgan's assignments of error as to his conviction. However, because the district court failed to make an adequate finding resolving a disputed fact upon which it necessarily relied in sentencing, we vacate Morgan's sentence and remand.

### I.

Morgan was tried for conduct the government alleged occurred in the Morgantown, West Virginia area during the summer of 1989. Several individuals testified that Morgan sold them cocaine base or accepted the receipts of sales they made on behalf of Morgan's coconspirator, Glinnon Norris. They also testified that Morgan accompanied Norris when Norris possessed firearms during activities that furthered the drug distribution conspiracy. On one occasion, for example, Morgan was present when Norris fired shots into woods surrounding the location where a drug transaction occurred to clear the area of any federal agents who might have been attempting to observe the transaction. The jury also heard testimony from Wayne Phillips who claimed Morgan held a gun to his head and threatened to kill him if he did not pay Morgan money Phillips owed for previous cocaine base transactions. Although the jury convicted Morgan of the drug offenses, it acquitted him of a charge of collecting an extension of credit by extortionate means relating to the Phillips incident.

The United States Probation Office prepared a presentence report to which Morgan submitted numerous objections. An amended presentence report cured the majority of these objections, so that only two objections remained unresolved at sentencing—the amount of cocaine base attributable to Morgan and whether Morgan possessed a firearm during the commission of the offense. Based on a portion of the trial testimony, defense counsel argued that Morgan could be held accountable for only one and one-half grams of the illegal substance. The presentence report, adopting the view of the evidence and testimony advanced by the government, attributed a larger amount, 10.675 grams, of cocaine base to Morgan. Relying on the Phillips incident, the presentence report recommended a two-level increase in Morgan's base offense level for his possession of a firearm during the commission of the offense. The government also argued that coconspirator Norris's possession of a firearm during activities furthering the conspiracy supported the increase.

Neither Morgan nor the government offered evidence during the sentencing hearing. After listening to arguments from counsel, the district court expressed concern about the fact that the presentence report recommended an increase in the base offense level for possession of a firearm based on the Phillips incident even though the jury had acquitted Morgan of the extortion charge. The district court, however, subsequently found that a firearm was involved and stated that if an appeal from the sentence was taken "you

will appeal it as if I had accepted [the presentence report] in toto." When asked by defense counsel for a clarification of the ruling with respect to the possession of a firearm, the district judge stated that he "accepted the probation officer's conclusion."

## II.

### A.

Morgan's principal allegation of error is that the presentence report contained certain recommended factual findings to which he objected and that the district court failed to make an adequate resolution of the disputed factual matter. Federal Rule of Criminal Procedure 32(c)(3)(D) * states in pertinent part:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

■ This rule clearly requires the district court to make a finding with respect to each objection a defendant raises to facts contained in a presentence report before it may rely on the disputed fact in sentencing.

This required finding by the district court may be made in several ways. The district court may separately recite its finding as to each controverted matter. Alternatively, the district court may expressly adopt the recommended findings contained in the presentence report. *See United States v. Carlisle*, 907 F.2d 94, 96 (9th Cir.1990); *see also United States v. Monto-*

ya, 891 F.2d 1273, 1280 (7th Cir.1989) (statement by court that it agreed with opinion of probation officer on disputed issue sufficiently specific to constitute a factual finding under Rule 32(c)(3)(D)). This latter procedure is adequate to enable this court to determine the resolution and treatment by the district court of the alleged factual inaccuracy. *See United States v. Perrera*, 842 F.2d 73, 76 (4th Cir.) (per curiam), *cert. denied*, 488 U.S. 837, 109 S.Ct. 102, 102 L.Ed.2d 77 (1988). When the district court elects to take this approach in meeting its responsibilities under Rule 32, it must make clear on the record that it has made an independent finding and that its finding coincides with the recommended finding in the presentence report. *Cf. United States v. Mandell*, 905 F.2d 970, 974 (6th Cir.1990) (express finding on each controverted matter necessary "to ensure that the defendant's concerns over disputed allegations in the presentence report have been considered by the district court").

■ If the district court makes adequate findings as to a controverted matter, this court must affirm those findings unless they are clearly erroneous. *See United States v. Daughtrey*, 874 F.2d 213, 219 (4th Cir.1989). This review process cannot take place without the district court first resolving all disputed matters upon which it relies at sentencing. In the event the district court fails to resolve a disputed factual matter on which it necessarily relied at sentencing, this court must vacate the sentence and remand for resentencing. *See Mandell*, 905 F.2d at 974–75.

### B.

■ Two factual disputes remained for resolution at Morgan's sentencing hearing. The district court expressly adopted the recommended facts contained in the presentence report concerning Morgan's posses-

---

* The original purpose of Rule 32(c)(3)(D) was to prevent the Bureau of Prisons and the Parole Commission, in making critical determinations related to custody or parole, from placing undue weight on "factual assertions in the report which are in fact untrue and which remained unchallenged at the time of sentencing because defendant or his counsel deemed the error unimportant in the sentencing context." Fed. R.Crim.P. 32(c)(3)(D) advisory committee notes. The purpose of ensuring "that a record is made as to exactly what resolution occurred as to controverted matter," *id.*, applies with equal force to guidelines sentencing.

sion of a firearm during the commission of his offense. The district court, thereby, properly made a finding adequate to satisfy the requirements of Rule 32 with respect to this issue. However, it made no express finding about the amount of cocaine base for which Morgan would be held accountable. The only statement by the district court during the sentencing colloquy that might be construed as a ruling on this disputed issue is the statement by the district court that it adopted the presentence report "in toto." While such an adoption of the presentence report may constitute a sufficient finding under Rule 32(c)(3)(D) when the context of the ruling makes clear that the district court intended to rule on each of the alleged factual inaccuracies, on this record we cannot determine whether the district court intended its ruling to apply to both of Morgan's objections or only to the possession of the firearm issue.

The district court was required to determine the amount of the cocaine base attributable to Morgan in order to calculate Morgan's sentencing guidelines base offense level. *See* United States Sentencing Commission, *Guidelines Manual,* § 2D1.1(a) (Nov.1989). It is apparent that the district court used the amount of cocaine base recommended in the presentence report as the amount to be attributed to Morgan. While we find no basis in the record to quarrel with the use of this amount, if the mere "imposition of a sentence obviously based on the disputed allegations in the presentence report constituted an express finding, there would be no reason for the requirement of an express finding." *Mandell,* 905 F.2d at 974. Here, the district court necessarily relied on a disputed factual matter in sentencing and the record does not clearly disclose that the district court made a finding as to the disputed fact. Thus, Morgan's sentence must be vacated and the case remanded for resentencing.

We do not envision that our ruling will unduly complicate or lengthen a sentencing hearing. Rather, we hold only that if the district court decides to adopt the proposed findings in the presentence report as its resolution of disputed facts, the record must be clear regarding which disputed issues were resolved by the adoption.

### III.

Morgan also challenges the two-level enhancement of his base offense level for possession of a firearm during the commission of the offense. *See* U.S.S.G. § 2D1.1(b)(1). Morgan argues that the district court erred in finding he possessed a firearm because, as a matter of law, his coconspirator's possession of a firearm cannot be charged to him. Further, he contends that the only evidence offered that he personally possessed a firearm related to the Phillips incident. We reject Morgan's contentions and find the enhancement to be proper.

■ Although the district court expressed reservations about finding that Morgan participated in the Phillips incident because the jury had acquitted Morgan of the charge of collecting an extension of credit by extortionate means, the district court subsequently did adopt the proposed findings contained in the presentence report that Morgan pointed a firearm at Phillips. At sentencing, the district court makes factual findings based on a preponderance of the evidence. *United States v. Urrego–Linares,* 879 F.2d 1234 (4th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 346, 107 L.Ed.2d 334 (1989). A jury's acquittal of a defendant of an offense signifies that the jurors found that the evidence against the defendant fails to convince them of guilt beyond a reasonable doubt. Because the standard of proof at sentencing is less demanding, the district court may, applying a preponderance of the evidence standard, consider misconduct that did not result in conviction. *United States v. Talbott,* 902 F.2d 1129, 1133 (4th Cir.1990).

■ Moreover, Morgan does not dispute that he knew his coconspirator possessed a firearm during events that furthered the conspiracy. He merely claims that, as a matter of law, the possession by his coconspirator cannot serve as a sufficient basis for an enhancement of his sentence. We disagree. The section 2D1.1(b)(1) en-

hancement properly applies when a defendant has knowledge of his coconspirator's possession of a firearm during acts furthering the conspiracy. *Cf. United States v. White,* 875 F.2d 427, 433 (4th Cir.1989) (enhancement appropriate when reasonably foreseeable to defendant that co-participant possessed a weapon).

## IV.

Morgan claims that a jury instruction given by the court was erroneous because it could have led the jury to believe that it should not discount the credibility of an informant's testimony. The district judge instructed the jury that "it is no concern of yours why the Government chose not to indict a certain person or if it did indict him, why it determined to treat that person with leniency." Morgan failed to object to this charge at trial, and this failure precludes our review of the charge unless the district court committed plain error. *United States v. Love,* 767 F.2d 1052, 1060 (4th Cir.1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 848, 849, 88 L.Ed.2d 890 (1986). We find that the instructions, as a whole, were proper and could not have confused the jury concerning its duty to evaluate the credibility of witnesses. Furthermore, any error in the charge did not rise to the level of plain error.

For the foregoing reasons we affirm Morgan's convictions, vacate Morgan's sentence, and remand for resentencing. Prior to resentencing, the district court is instructed to make a specific finding as to the amount of cocaine base for which Morgan should be held accountable. We need not address Morgan's remaining assignments of error in view of our present disposition.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.