966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Paul L. CARR, Defendant-Appellant.
 No. 91-5047.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 17, 1992
Decided: June 24, 1992
As Amended July 7, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-90-436-A)
 Leon S. Demsky, Pelton, Balland, Young, Demsky & Baskin, Arlington, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Alexandria, Virginia; Andrew Levchuk, United States Department of Justice, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Paul Carr was convicted in a jury trial of conspiracy to commit bank fraud, make false statements to federally insured financial institutions, and use false social security numbers (18 U.S.C. § 371 (1988)), as well as substantive counts of aiding and abetting the making of false statements to federally insured financial institutions (18 U.S.C. § 1014 (1988 & Supp. II) and § 2 (1988)), and aiding and abetting the use of false social security numbers (42 U.S.C. § 408(g)(2) (1988 & Supp. II) and 18 U.S.C.s 2 (1988)). He challenges his conviction for conspiracy and the sentence imposed. We affirm Carr's conviction, but vacate his sentence and remand for resentencing.
 
 
 2
 Four witnesses testified at Carr's trial that they went to Carr to get their bad credit "fixed," and that, for a fee, Carr and an unidentified person supplied them with a new social security number, a new date of birth to go with the number, and instructions on how to use the number to get credit cards and loans. Witness Willie Baldwin used the first number he bought to become a member at the Pentagon Federal Credit Union (PFCU), where he easily got a loan. He told Carr that the PFCU was an easy target, and Carr then directed two later customers, Samuel Pratt and Nora White, to the PFCU, and gave them a name to list on the membership application as a supposed relative who belonged to the PFCU in order to appear eligible for membership. He induced Pratt to write a letter stating that White worked for him when she balked at giving her real employer on the application. When an investigation began, Carr contacted all his customers, told them about the investigation and advised them about what to tell investigators from the PFCU to avoid detection. His strategy was unsuccessful.
 
 
 3
 During Carr's trial, the district court momentarily questioned whether the evidence showed one or several conspiracies. It determined that there was sufficient evidence of one conspiracy, as charged in the indictment, to submit the case to the jury. Carr contends on appeal that there was insufficient evidence of one conspiracy to support the guilty verdict. He relies on Kotteakos v. United States, 328 U.S. 750 (1946), in arguing that his conviction must be reversed because one conspiracy was charged in the indictment but several were proved by the evidence presented at trial.
 
 
 4
 Whether the government has proved the existence of a single overall conspiracy as charged in the indictment is a question for the jury. United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988). Whether there is one conspiracy or more depends on the overlap of main actors, methods, and goals, United States v. Barsanti, 943 F.2d 428 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3652 (U.S. 1992), and whether there is one overall agreement. Leavis, 853 F.2d at 218, (quoting United States v. Bloch, 696 F.2d 1213, 1215 (9th Cir. 1982)). On review, the evidence must be viewed in the light most favorable to the government. Barsanti, 943 F.2d at 439. Reversal of Carr's conviction would be required if more than one conspiracy was shown by the evidence presented and proof of multiple conspiracies prejudiced Carr by causing the jury to impute guilt to him because of illegal activity in the other conspiracy. Id. Reversal is not required here because there was evidence of an agreement among Carr, his unidentified friend and his various customers to use false social security numbers to obtain loans and credit cards from the PFCU. Each customer of Carr's was aware that others were also using false social security numbers and other false information to defraud the PFCU, and they assisted each other in doing so.
 
 
 5
 Moreover, even if the evidence showed a number of separate conspiracies conducted by one person, as in Kotteakos, Carr's conviction would still not be reversed because, unlike Kotteakos, Carr was not on one of the spokes of a "wheel conspiracy," unaware of criminal activity in other, separate conspiracies. If this was a wheel conspiracy, Carr was at the hub; he was involved in all the criminal activities of his co-conspirators. There was no danger that the jury might impute someone else's guilt to him. All the evidence related to him. We therefore affirm the conviction.
 
 
 6
 Carr also maintains that his sentence was incorrectly calculated in that he received a four-level increase in offense level for being an organizer or leader in a criminal activity involving more than five people. See United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) (Nov. 1990). Carr objected at the sentencing hearing to the probation officer's recommendation that a four-level adjustment be given. After argument, the district court found that there was "ample evidence" that Carr "supervised at least five people," but did not elaborate its reasons for the finding. It is clear from the evidence adduced at trial that, although he did not head an organization, or receive a share of the monies illegally acquired, Carr influenced the conduct of the others involved in the offense. He offered to provide them with a way of getting loans fraudulently and did so; he provided instruction and advice on how to use the false social security number safely, directed Pratt and White to the PFCU and provided the name of a supposed relative to use on the application for membership, caused Pratt to write a letter falsely stating that White worked for him, and then counseled his customers on how to behave once an investigation began. In light of these facts, some adjustment for an aggravating role was not clearly erroneous. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 and 59 U.S.L.W. 3362 (U.S. 1990).
 
 
 7
 However, the district court must not only make a finding on each controverted matter, United States v. Morgan, 942 F.2d 243 (4th Cir. 1991), it must also articulate the basis for its finding so as to permit appellate review. United States v. Melton, 930 F.2d 1096 (5th Cir. 1991). It is not apparent from the record before us why the district court chose to make a four-level increase under section 3B1.1(a) rather than a three-level increase under section 4B1.1(b). We are therefore unable to decide whether the adjustment given was warranted, and we are constrained to vacate the sentence. On resentencing, the district court should consider the factors listed in Application Note 3 to section 3B1.1 and any other relevant facts, and make the appropriate adjustment. Of course, the court should articulate the basis for its holding.
 
 
 8
 Accordingly, the conviction is affirmed, the sentence is vacated, and the case is remanded for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented by the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED