979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Carl RAGOONANAN, a/k/a Ghandi, Defendant-Appellant.
 No. 92-5316.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 4, 1992
Decided: November 23, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge.
 William Henry Porter, Jr., Porter & Gioia, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Bonnie S . Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 SENTENCE VACATED AND REMANDED.
 Before HALL and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carl Ragoonanan pled guilty to conspiracy to distribute marijuana and over 500 grams of marijuana, 21 U.S.C.A. § 846 (West Supp. 1992). He appeals his sentence, alleging that the district court clearly erred in refusing to award him a reduction in offense level for acceptance of responsibility under guideline section 3E1.1.* We vacate the sentence and remand for resentencing.
 
 
 2
 Ragoonanan and the government disagreed at the sentencing hearing over whether he had accepted responsibility for his conduct in the offense. The government informed the district court that Ragoonanan had declined to be interviewed by the probation officer and had failed to submit a written statement to the probation officer through his attorney as promised. According to the government attorney, Ragoonanan was interviewed by federal agents and the government attorney, but provided information which was inconsistent with documentary evidence and information from other witnesses. Ragoonanan maintained that he had given consistent and truthful information.
 
 
 3
 The district court decided not to give a reduction for acceptance of responsibility, but failed either to make a finding and give its reasoning or to expressly adopt the finding recommended in the presentence report. We have held that a factual finding or an explicit adoption of the probation officer's recommended finding is necessary to resolve an issue disputed at sentencing. United States v. Morgan, 942 F.2d 243 (4th Cir. 1991). Because the court did not make a determination which resolved the disputed issue, we must remand for resentencing. On remand, the district court should make a finding on acceptance of responsibility and explain the reason for it.
 
 
 4
 We therefore vacate the judgment of the district court and remand the case for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 SENTENCE VACATED AND REMANDED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)