983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Kenneth Orlando LEGRAND, Defendant-Appellant.
 No. 92-5038.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 14, 1992
Decided: December 31, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-91-186-G)
 Susan Hayes, Greensboro, North Carolina; Michael B. Shankle, High Point, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed in part, Vacated in part, and remanded.
 Before WILKINSON and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kenneth Orlando LeGrand was convicted of violating 18 U.S.C. § 1513 (1988) by retaliating against Anthony Shannon, a witness who testified at LeGrand's previous trial on various drug charges. LeGrand appeals his conviction and his sentence. We affirm the conviction but vacate the sentence and remand for a finding on whether LeGrand accepted responsibility for his criminal conduct.
 
 
 2
 After LeGrand's first trial, Shannon was coincidentally brought from federal custody to a county jail in connection with state charges against him on the same day LeGrand was there, and was placed in a holding cell with LeGrand and other prisoners. An altercation quickly ensued. When guards arrived at the cell, Shannon was curled up on the floor and LeGrand was withdrawing his leg as though he had just kicked Shannon. After guards removed him from the cell, Shannon passed out in the elevator; he had a swollen eye and bumps on his head.
 
 
 3
 Shannon testified at LeGrand's retaliation trial that LeGrand attacked him in the cell while asking Shannon why he had testified previously and caused LeGrand to get a thirty-year sentence. Shannon's two prior statements were introduced into evidence, one made to prison guards immediately after the incident and the second to a Drug Enforcement Administration agent the next day; only the second statement mentioned any conversation between him and LeGrand.
 
 
 4
 LeGrand testified that Shannon had bragged about testifying against him. He said that Shannon was very close to him and appeared about to fight him, so he pushed Shannon away and then a fight started. He denied that he acted out of a wish to retaliate for Shannon's trial testimony.
 
 
 5
 On appeal, LeGrand contends that the district court erred in denying his motion to acquit at the close of the government's evidence. We disagree. Shannon's testimony, if believed, was sufficient to establish LeGrand's guilt. See United States v. Saunders, 886 F.2d 56 (4th Cir. 1989). Accordingly, this claim has no merit.
 
 
 6
 LeGrand also claims that the district court committed plain error in sentencing him in that its use of guideline section 2J1.2 (obstruction of justice),[1] the guideline applicable to his offense, violated due process because retaliation does not interfere with present or future judicial administration. In fact, retaliation may not only effectively punish a witness for his past testimony, but may also deter him and others from testifying in the future. Therefore, application of the guideline to a retaliation conviction does not offend due process. See United States v. Weston, 960 F.2d 212, 217-18 (1st Cir. 1992).
 
 
 7
 Finally, LeGrand contends that the district court failed to make a finding on whether he had accepted responsibility. The probation officer recommended that no reduction in offense level be given under guideline section 3E1.1. LeGrand argued at the sentencing hearing that he had accepted responsibility and deserved the reduction. The district court did not resolve the issue. After hearing the parties' arguments, the judge merely remarked, "All right, sir." Sentence was eventually imposed without a reduction for acceptance of responsibility. However, the required factual finding was never made. We are therefore constrained to remand for a finding on this issue.[2] See United States v. Morgan, 942 F.2d 243 (4th Cir. 1991).
 
 
 8
 Accordingly, we affirm LeGrand's conviction but vacate his sentence and remand this case to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 On appeal, the government concedes that the district court's finding "can be construed as less than explicit," but argues that the finding can be implied from the record as a whole. Our decision in Morgan requires more than an implicit finding on controverted matters, 942 F.2d at 245