36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone STROTHERS, Defendant-Appellant.
 No. 94-5079.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 25, 1994.
Decided: Sept. 30, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-92-365)
 Michele S. Nelson, Asst. Federal Public Defender, Greenville, SC, for appellant. J. Preston Strom, Jr., U.S. Atty., David C. Stephens, Asst. U.S. Atty., Harold W. Godwy, III, Asst. U.S. Atty., Greenville, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone Strothers pled guilty to conspiracy to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994). He was sentenced to a term of 97 months imprisonment. He appeals his sentence, contending that the district court erred in failing to resolve disputed issues and in finding him accountable for 11.45 kilograms of cocaine. We affirm.
 
 
 2
 Strothers entered into a plea agreement which contained a stipulation that the government could readily prove that 25-30 grams of cocaine were attributable to him as relevant conduct. United States Sentencing Commission, Guidelines Manual, Secs. 1B1.3, 2D1.1 (Nov.1993). The agreement provided that the stipulation was not binding on the district court.
 
 
 3
 The probation officer reported that information in the government's files showed that Strothers sold cocaine from 1990 to 1993, sold an average of one-half ounce (14.18 grams) a day, five days a week, and carried a gun while selling cocaine. The probation officer stated that 11.45 kilograms of cocaine was reasonably foreseeable to Strothers, and recommended a base offense level of thirty-two, and a two-level enhancement for possession of a firearm during a drug offense. USSG Sec. 2D1.1.
 
 
 4
 Strothers filed written objections to these recommendations. However, at the sentencing hearing, after the district court awarded Strothers a three-level downward adjustment for acceptance of responsibility, USSG Sec. 3E1.1, and a two-level adjustment for minor role, USSG Sec. 2B1.2, neither of which were recommended by the probation officer, both Strothers and his attorney expressly stated that there were no other objections to the presentence report. A sentence of 97 months was imposed.
 
 
 5
 On appeal, Strothers argues that the district court clearly erred in failing to address his written objections, citing United States v. Morgan, 942 F.2d 243, 246 (4th Cir.1991). Morgan is distinguishable because in that case the defendant not only objected to a recommendation in the presentence report, but actively argued against it in the sentencing hearing. Strothers abandoned his objections at sentencing.
 
 
 6
 Strothers further argues that the stipulation was the only reliable evidence of the amount of cocaine attributable to Strothers, and that the district court erred in accepting the information in the presentence report without making a finding that it had sufficient indicia of reliability to support its probable accuracy. USSG Sec. 6A1.3(a). The district court need only make such a finding, however, if the defendant challenges the accuracy of information in the presentence report. The information in the presentence report established that Strothers personally distributed over ten kilograms of cocaine during the three years he participated in the conspiracy. United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993) (government may meet burden of proof of drug amount by recommended finding in presentence report to which defendant fails to properly object). If the information was inaccurate, Strothers had the burden of contesting it. United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). Merely filing an objection was insufficient. Strothers had an obligation to show how the information was inaccurate at the sentencing hearing. Id. This he failed to do.
 
 
 7
 Strothers also argues that the prosecutor plea bargained unfairly by entering into a stipulation which was contrary to information later provided to the probation officer. However, the agreement stated that the stipulation was not binding on the court, and that the court would determine the sentence in its discretion in light of all relevant conduct. USSG Sec. 1B1.3.
 
 
 8
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED