60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Chien Dinh PHAM, a/k/a Johnny, a/k/a Chinh Q. Phan,
Defendant-Appellant.
 No. 94-5943.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1995.
Decided: July 6, 1995.
 
 ARGUED: Kenneth Hall Epple, Jr., Charlotte, NC, for Appellant. Robert James Conrad, Jr., Criminal Chief/Assistant United States Attorney, Charlotte, NC, for Appellee. ON BRIEF: Mark T. Calloway, United States Attorney, Peter Crane Anderson, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before LUTTIG and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Following his arrest in connection with an attempt to pass a fraudulent check at a Wachovia Bank in Charlotte, North Carolina, on March 23, 1994, appellant Chien Dinh Pham pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. Secs. 1344 and 2. He received a sentence of 24 months imprisonment. In this appeal, Pham contends that the district court committed various errors at sentencing. We find no such errors and therefore affirm.
 
 
 2
 Because Pham's principal arguments on appeal relate to the procedures employed by the district court at sentencing, we briefly review the course of Pham's sentencing. The presentence report (PSR) prepared by the probation officer calculated Pham's base offense level to be six, and recommended a six-level increase because the total known losses from Pham's bank fraud activity amounted to over $70,000, see U.S.S.G. Sec. 2F1.1(b)(1), as well as a three-level increase because Pham played a managerial role in the offense, see U.S.S.G. Sec. 3B1.1(b). Pham filed written objections to these recommendations. The probation officer responded with an addendum to the PSR, which explicitly addressed both of Pham's objections and concluded as to both that "[n]o adjustments or corrections are recommended." The addendum explained that "[a]ccording to interviews with United States Secret Service Agent William Green, defendant Pham, along with co-conspirators Taylor, Tran and others, participated in a counterfeit check cashing scheme similar to the instant offense in March 1994 [which] effected losses to Boston area banks of $73,076.62." The addendum noted further that "[t]hough the defendant's main duty was to chauffeur the face men, he also had duties that clearly placed him in a supervisory role over the face men." Shortly after the probation officer submitted this addendum, the district court held a sentencing hearing, at which it considered and overruled Pham's objections to the PSR, and sentenced him to 24 months in prison.
 
 
 3
 Pham's principal argument on appeal is that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) when, in response to Pham's objections to the presentence report, it supposedly "failed to make independent findings and simply adopted the recommended findings in the presentence report." Rule 32(c)(3)(D) provides that where a defendant "allege[s] any factual inaccuracy in the presentence investigation report ... the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." In United States v. Walker, 29 F.3d 908 (4th Cir.1994), however, we held that a district court may satisfy the command of Rule 32(c)(3)(D) by "[s]imply adopting the PSR's findings in toto," so long as " 'the context of the ruling makes clear that the district court intended [by the adoption] to rule on each of the alleged factual inaccuracies.' " Id. at 911 (quoting United States v. Morgan, 942 F.2d 243, 246 (4th Cir.1991)).
 
 
 4
 There is no question in this case that the district court not only intended to rule, but did rule, on each of the alleged factual inaccuracies. The court allowed Pham's counsel to present, in considerable detail, his objections to the PSR, and, after hearing these arguments, as well as the government's responses, the court explicitly overruled Pham's objection to the relevant conduct determination and also found that "the enhancement [for managerial role] exists." By carefully considering seriatim, and unequivocally rejecting, Pham's objections to the PSR, the district court fully complied with the requirements of Rule 32(c)(3)(D).
 
 
 5
 Although Pham presents his objection to the calculation of his sentence as a procedural objection, we also understand him to argue that the court's findings with respect to relevant conduct and role enhancement were clearly erroneous. We are not persuaded. In a post-arrest interview conducted by United States Secret Service Agent William Green, Jr., Pham admitted that he had rented two of the cars used by the members of the bank fraud ring in the execution of their Charlotte scheme, and that he had driven Richard Taylor, one of the low-level check cashers or "face men," to various banks in Charlotte where Taylor attempted to pass fraudulent checks. The evidence further revealed that Pham had furnished Taylor with the fraudulent check, the attempted cashing of which led to the arrest of the ring members, and that Pham had otherwise managed the Charlotte scheme by obtaining or manufacturing false identification and typing fraudulent checks. Finally, a bag in Pham's possession at the time of his arrest was found to contain "a wordprocessor typewriter, a laminating machine, marking pencils, and other tools used in the manufacture of identification." The court's finding that Pham "was in a tier of management higher than the people that were the face men running to the bank and cashing these things" was therefore not clearly erroneous. The attribution to Pham of the losses from the Boston fraud likewise was not clearly erroneous. The indictment charging Pham with bank fraud alleged that "[a]s part of the scheme, the [bank fraud] cell would operate in one jurisdiction for a day or two, move to another city, then come back to the original target area," and the evidence before the court revealed that the Boston fraud took place in the same month (March 1994) as the North Carolina fraud in which Pham was an active participant, and that the Boston fraud was carried out by Pham's criminal associates.
 
 
 6
 Pham's final contention is that the district court abused its discretion by denying his request for an evidentiary hearing on the disputed portions of the PSR. An examination of the record, however, reveals that Pham's counsel in fact never requested an evidentiary hearing as such; instead, he repeatedly stated that Pham was "willing to testify," and that he wished to cross-examine a government agent (presumably Agent Green) "if the Government chooses to put him on."
 
 
 7
 The court effectively granted the first of these requests, explaining to Pham that "it is your right to address the Court on your own behalf," and asking him "[d]o you have anything you wish to say?" Although this invitation to address the court seems to have been more in the way of an invitation to allocute, it nonetheless offered Pham the opportunity to present his explanation of why the losses resulting from the Boston fraud should not have been attributed to him, or why he had not in fact played a managerial role in the fraudulent scheme. Pham declined this invitation, and therefore cannot be heard to complain that he was denied the opportunity to testify. Pham's contention that the court abused its discretion by not allowing him to cross-examine Agent Green is likewise undermined by his own inaction. Because the government did not call Agent Green as a witness, Pham cannot claim that his request "to ask the particular agent [a question] if the Government chooses to put him on" was denied. For his part, Pham did not attempt to call Agent Green as a witness. The court thus committed no error in responding to Pham's requests for further evidentiary development.
 
 CONCLUSION
 
 8
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED