**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

KAREEM SAINT ROBERSON, a/k/a

No. 96-4056

Poncho, a/k/a Dog, a/k/a Kareen
Saint Roberson, a/k/a Saint
Roberson, a/k/a Poncho Roberson,
a/k/a Paul Squeeky Johnson,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

GEROYNE ALEXANDER WOODS, a/k/a

No. 96-4057

Twin, a/k/a Eightball, a/k/a Twin
Woods, a/k/a Eightball Woods,
a/k/a Jerome Woods, a/k/a Jerome
Alexander,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, District Judge.
(CR-95-45-BR)

Submitted: October 29, 1996

Decided: January 10, 1997

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dean R. Davis, Wilmington, North Carolina; Walter H. Paramore, III, Jacksonville, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, John S. Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Defendants Roberson and Woods pled guilty to distributing crack cocaine and marijuana. They appeal, raising several challenges to their sentences. Finding no error, we affirm.

Defendant Woods contends that the district court erred in receiving evidence from the Government that went beyond the amount of drugs cited in the plea agreement. The disputed evidence was used to calculate Woods's relevant conduct for sentencing purposes. Woods argues that he has a contractual obligation with the Government to be held accountable only for the drug quantities that he pled guilty to in the plea agreement. However, the plea agreement does not represent that the amount specified in the count to which Woods pled guilty would be the limit of what he would be held responsible for regarding relevant conduct. See USSG § 1B1.3(a) (Nov. 1995).

During Woods's Fed. R. Crim. P. 11 hearing, the court warned him that the Government would not withhold any evidence concerning relevant conduct. The computation of offense levels encompasses relevant conduct including drug quantities not specified in the count of

2

conviction if they are part of the same course of conduct or common scheme or plan. United States v. Ellis, 975 F.2d 1061, 1067 (4th Cir. 1992), cert. denied, 507 U.S. 945 (1993). The only additional relevant conduct for which the court held Woods responsible is a prior transaction with a confidential informant in which the informant sold approximately nine ounces of cocaine base for Roberson and Woods.

Woods claims that the district court did not properly support its determination of drug quantity attributable to him. When a defendant makes an objection to the PSR, the sentencing court must make a finding resolving the matter or determine that such a finding is unnecessary because it would not impact sentencing. Fed. R. Crim. P. 32(c)(1). This requirement is satisfied, however, if the district court expressly adopts the findings in the PSR. United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994); United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991), cert. denied, 506 U.S. 1040 (1992) and 506 U.S. 1061 (1993).

At sentencing, FBI Special Agent Ackley identified by name the informant whose assistance led the police to the Defendants, and stated that the cooperation provided by the informant led to numerous arrests, warrants, and other information regarding other drug dealers. The dealers were subsequently arrested and convicted. Ackley further stated that in every instance in which the informant provided information, the information was subsequently proven to be true. Ackley also stated that Roberson had cooperated during interviews and had corroborated the information provided by the informant regarding Woods.

After Ackley's testimony and argument on the matter, the court ruled "by a preponderance of the evidence that the amount of drugs attributable to [Woods] is as set forth in the Presentence Report." We find that the court's decision is well-founded and meets the requirement under Rule 32(c)(1).

The district court sentenced Roberson as a career offender pursuant to USSG § 4B1.1. To be sentenced as a career offender, the defendant must have, inter alia, at least two prior felony convictions of a crime of violence or a controlled substance offense. USSG§ 4B1.1. A controlled substance offense is a violation of a state or federal law "pro-

hibiting the manufacture, import, export, distribution, or dispensing of a controlled substance" or the possession of a controlled substance with the intent to do the same. USSG § 4B1.2.

The PSR reveals that Roberson had two prior felony convictions. The first was for possession with the intent to sell cocaine base in California in February 1990. The second felony conviction was for robbery and assault with a deadly weapon. Roberson argues that the wording of the California drug offense does not comport with the requirements for a controlled substance offense under § 4B1.2. He argues that the California violation of "willfully and unlawfully possess[ing] for sale and purchas[ing] for purpose of sale of a controlled substance" does not meet the definition of "possession of a controlled substance . . . with intent to manufacture, import, export, distribute or dispense" under § 4B1.2.

The statutory intent is clear that Roberson's previous felony controlled substance offense is included under § 4B1.2. In addition, at sentencing Roberson merely objected to being sentenced as a career offender, but was "unable to present any argument or authority that refutes the probation officer's analysis regarding career offender."

We therefore affirm the judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4