**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WAYNE BULLARD, a/k/a Michael

No. 97-4205

Harrod, a/k/a Glenn Ekanger, a/k/a
Jeffrey L. Cosby, a/k/a Alan Van
Peavy, a/k/a Johnnie Graham, a/k/a
Kevin Jhingory, a/k/a Ivan Jasper,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WAYNE BULLARD, a/k/a Michael

No. 97-4206

Harrod, a/k/a Glenn Ekanger, a/k/a
Jeffrey L. Cosby, a/k/a Alan Van
Peavy, a/k/a Johnnie Graham, a/k/a
Kevin Jhingory, a/k/a Ivan Jasper,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4207

VANCE EVANS, a/k/a Nancy Evans,
a/k/a Georgia Johnson,
Defendant-Appellant.

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

KEVIN MICHAEL WELLS, a/k/a

Charles Rainey, a/k/a Bernard
Taylor, a/k/a Barnard Tyler, a/k/a
Christopher Westbrooks, a/k/a
Zermee Pryor, a/k/a McCullen Pitts,
<u>Defendant-Appellant.</u>

No. 97-4208

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-95-46, CR-95-48)

Submitted: November 25, 1997

Decided: January 20, 1998

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clarke F. Ahlers, Columbia, Maryland; J. Dennis Murphy, Jr., Annap-
olis, Maryland; Timothy J. Sullivan, SULLIVAN & SULLIVAN,
College Park, Maryland, for Appellants. Lynne A. Battaglia, United
States Attorney, Maury S. Epner, Assistant United States Attorney,
Sandra Wilkinson, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

A jury convicted the Appellants, Vance Evans, Wayne Bullard, and Kevin Michael Wells, of conspiring to commit bank fraud.[1] Additionally, the jury found Bullard and Wells guilty of actually committing bank fraud.[2] On appeal, we affirmed Evans's, Bullard's, and Wells's convictions; however, because the district court failed to determine whether the amount of fraud loss was reasonably foreseeable to the Appellants, we remanded the case for resentencing. [3] At the resentencing hearing, the district court heard testimony and argument on the amount of fraud loss before reimposing sentences of thirty months imprisonment for Evans, and sixty-three months imprisonment for Wells and Bullard. Again, Evans, Bullard, and Wells appeal their sentences arguing that the district court erroneously computed the fraud losses attributable to them. Finding no reversible error, we affirm the sentence of each Appellant.

The sentencing guidelines provide a base offense level of six for crimes involving fraud or deceit,[4] and incrementally increase the offense level according to the amount of fraud loss. [5] Because fraudulent losses come about through an ever-expanding variety of means and each case must be determined on its own facts, [6] we will vacate Evans's, Bullard's, and Wells's sentences only if the district court's fraud loss determinations were clearly erroneous. [7] Additionally, the

_____

[1] **See** 18 U.S.C. § 371 (1994).
[2] **See** 18 U.S.C. § 1344 (1994).
[3] **See United States v. Evans**, Nos. 95-5603, 95-7884, 95-5820 (4th Cir., Nov. 27, 1996) (unpublished).
[4] **See** U.S. SENTENCING GUIDELINES MANUAL§ 2F1.1 (1995).
[5] **See** USSG § 2F1.1(b)(1)(A)-(S).
[6] **See United States v. Mancuso**, 42 F.3d 836, 849 (4th Cir. 1994).
[7] **See United States v. Castner**, 50 F.3d 1267, 1274 (4th Cir. 1995) (citing United States v. West, 2 F.3d 66, 71 (4th Cir. 1993)).

3

district court need only to support its findings by a preponderance of the evidence,[8] and losses may be characterized as "directly attributable" loss under USSG § 1B1.3(a)(1)(A), or"reasonably foreseeable" loss under USSG § 1B1.3(a)(1)(B).

At resentencing, in order to ascertain the type and amount of losses that could be attributed to each Appellant, the district court heard testimony from David Thomas, a Special Agent of the United States Secret Service, and received summaries prepared by him which were offered by the Government as calculations of the losses attributable to each Appellant. In addition, the district court heard arguments from the parties about whether certain losses could be"directly attributed" to or "reasonably foreseen" by a particular Appellant. Essentially, the Appellants fraudulently inflated multiple checking accounts and used various aliases to negotiate multiple fraudulent checks for consumer goods and substantial amounts of cash. Moreover, the Appellants conspired with numerous people to accomplish their scheme.

The court determined that Evans was responsible for a total fraud loss of $189,950. Evans did not challenge that $41,039 was "directly attributable" to him, and the court reviewing all the evidence and relevant conduct found that an additional $148,911 was"reasonably foreseeable" based upon the common victims, similar methods of fraud, and the common aliases of those involved in the conspiracy. Further, the court found that the combined fraud loss of $189,950 resulted in a total offense level of 13.[9] Given Evans's criminal history category of IV, a base offense level of 13 results in a guideline range of twenty-four to thirty months. Accordingly, the district court did not err by sentencing Evans to thirty months imprisonment.

Next, using the same evidence and procedure, the district court determined that Bullard was responsible for a total fraud loss of $403,577. The court found that $81,466 was "directly attributable" to Bullard, and that an additional $323,131 was "reasonably foreseeable" to him. The court calculated a base offense level of 15,[10] and assigned two more points for more than minimal planning,[11] resulting in an

---

[8] See United States v. Morgan, 942 F.2d 243, 246 (4th Cir. 1991).
[9] See USSG § 2F1.1(b)(1)(H).
[10] See USSG § 2F1.1(b)(1)(J).
[11] See USSG § 2F1.1(b)(2)(A).

4

adjusted base offense level of 17. Because Bullard was also convicted for possession of a firearm by a felon,[12] the district court combined the fraud and firearm offense levels and recomputed a total offense level of 22.[13] A total offense level of 22, with a criminal history category of IV, gave Bullard a guideline range of sixty-three to seventy-eight months; thus, the district court's sentence of sixty-three months imprisonment was within the properly calculated guideline range.

Finally, the district court assigned Wells a total fraud loss of $403,577, and a base offense level of 15.[14] The court found that $83,285 was "directly attributable" to Wells, and that an additional $320,292 was "reasonably foreseeable to him. Wells received two more points for more than minimal planning,[15] and an additional two points for obstructing justice.[16] Combining the base offense level for Wells's conviction for possession of a firearm by a felon[17] with the base offense level for fraud, the district court correctly computed a total offense level of 20. An offense level of 20, with a criminal history category of IV, gave Wells a guideline range of fifty-one to sixty-three months. As with Bullard, the district court did not err by sentencing Wells to sixty-three months imprisonment.

Because each case of fraud loss must be determined on its own facts,[18] we conclude that the district court did not clearly err in determining that Evans was responsible for fraud loss totaling $189,950, and Bullard and Wells for fraud loss totaling $403,577. Accordingly, we affirm the sentences imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[12] See 18 U.S.C.A. § 922(g) (West 1976 & Supp. 1997).
[13] See USSG § 3D1.4.

[14] See USSG § 2F1.1(b)(1)(J).

[15] See USSG § 2F1.1(b)(2)(A).
[16] See USSG § 3C1.1.

[17] See USSG § 2K2.1(a)(6).

[18] See Mancuso, 42 F.3d at 849.

5