UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                         No. 97-4618

CLYDE KENNETH COY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-90-333-5)

Submitted: April 14, 1998

Decided: May 15, 1998

Before ERVIN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Rebecca A. Betts, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clyde Kenneth Coy, Jr., appeals his 1991 sentence, pursuant to his guilty plea, for one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). Coy contends the district court erred by refusing to reduce his base offense level based upon his acceptance of responsibility and his minor role in the offense. Finding no error, we affirm.[1]

In March 1990, Coy entered into a plea agreement with the Government in which he agreed to plead guilty to the aforementioned charge and to cooperate fully with the Government, including providing grand jury and trial testimony if deemed necessary. He also agreed to act as a confidential informant. In the subsequent months, Coy assisted the Government by making controlled narcotics buys and testifying before a grand jury. In September 1990, Coy left West Virginia prior to a trial at which he was to testify. A material witness arrest warrant was issued. Coy contacted authorities to inform them that he had left the area because he feared for his life. Due in part to Coy's refusal to return to testify, the Government could not proceed to trial against two defendants and entered into plea agreements with those two defendants.

Coy returned in December 1990. On the Government's motion, the court vacated the plea agreement and a new plea agreement was created. Coy again agreed to plead guilty to the aforementioned charge

_____

[1] Coy's initial appeal from the judgment of conviction was dismissed by this Court for lack of subject matter jurisdiction. See United States v. Coy, No. 91-5845 (4th Cir. Nov. 18, 1991) (unpublished). In 1997, Coy sought relief under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), and the district court vacated the judgment and reinstated the conviction and sentence to allow Coy another opportunity for a direct appeal.

2

and provide assistance. Thereafter, Coy pled guilty. At sentencing, after considering evidence of Coy having left the area and frustrating Government prosecutions, the court denied a two-level reduction in the offense level for acceptance of responsibility, **2** finding that Coy violated the first plea agreement and "failed to demonstrate a recognition and affirmative acceptance of personal responsibility for his criminal conduct by his refusal to voluntarily assist the authorities in the prosecution of those with whom he conspired."

The court also found that Coy was not entitled to a reduction in the base offense level due to his role in the offense. The court stated that "[b]ased upon the evidence available to the court, it is apparent that the defendant was one of the willing and key participants in the conspiracy and does not qualify for either minimal or minor role in the offense."**3**

We review a district court's decision to deny an acceptance of responsibility adjustment for clear error. See United States v. Holt, 79 F.3d 14, 17 (4th Cir.), cert. denied, #6D 6D6D# U.S. \_\_\_, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9448). This court recognizes that the sentencing judge is in a "`unique position to evaluate a defendant's acceptance of responsibility.'" United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989) (quoting USSG § 3E1.1, comment. (n.5)). Accordingly, the decision of a sentencing judge "is entitled to great deference on review." USSG § 3E1.1, comment. (n.5).

Coy was not entitled to an offense level reduction under USSG § 3E1.1 merely because he pled guilty. See United States v. Apple, 915 F.2d 899, 913 (4th Cir. 1990). The court is entitled to consider a variety of factors, including Coy's unwillingness to cooperate. See United States v. Frazier, 971 F.2d 1076, 1080 (4th Cir. 1993); Apple, 915 F.2d at 913. Furthermore, Coy's decision to violate the terms of the first plea agreement is also a sound basis upon which to deny a reduction for acceptance of responsibility. See, e.g., United States v.

_____

**2 U.S. Sentencing Guidelines Manual** § 3E1.1 (1991).
**3** USSG § 3B1.2 (1991) (defendant's offense level may be decreased by two to four levels if the defendant had a minor or minimal role in the offense).

Walker, 112 F.3d 163, 165-66 (4th Cir. 1997). In sum, we do not find that the court's decision was clear error.

Likewise, the court's decision not to award Coy a reduction in the offense level based upon his role in the offense was not clear error. See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998). Coy contends that the district erred in not making factual findings sufficient to permit meaningful appellate review, citing United States v. Morgan, 942 F.2d 243 (4th Cir. 1991). However, as we explained in Morgan, the court does not need to specifically recite its findings as to each disputed matter. Id. at 245. It is sufficient for appellate review if the court adopts the findings contained in the Presentence Report ("PSR") so long as it is clear which disputed matters were resolved by adopting the PSR. See United States v. Walker , 29 F.3d 908, 911 (4th Cir. 1994).

In the instant case, the factual findings contained in the PSR were not disputed at sentencing. Coy only objected to the PSR's failure to address the issue of minimal or minor participation in the offense. According to the PSR, Coy admitted to distributing large quantities of cocaine base. He also admitted to making numerous trips out-of-state for the purpose of purchasing narcotics for other persons. We find the uncontroverted factual findings contained in the PSR sufficiently support the court's decision to deny a reduction in the offense level due to a minimal or minor role in the offense.

Based on the foregoing, we affirm Coy's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4