**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DALE HARVEY,

*Defendant-Appellant.*

No. 01-4311

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-4)

Submitted: December 17, 2001

Decided: March 29, 2002

Before WIDENER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. John Stuart Bruce, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, David J. Cortes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Dale Harvey pled guilty to one count of credit card fraud, in violation of 18 U.S.C.A. § 1029(a)(2) (West 2000); he appeals his sentence. Harvey's offense involved use of Social Security numbers and other personal information he used to obtain credit cards and establish credit accounts in the names of several individuals, and use of those cards and accounts to obtain cash advances and purchase computers, consumer electronics, and other items without paying the credit charges. Harvey then sold those items and retained the proceeds. Starting in March 2000, Harvey enlisted the aid of his companion, Elissa Beeler, in executing the fraud.

In preparing the presentence investigation report, the probation officer determined that Harvey's crimes caused actual and intended losses totaling $74,904.55, and recommended a six level enhancement of Harvey's offense level. *See U.S. Sentencing Guidelines Manual* § 2F1.1(b)(1)(G) (2000). The probation officer also recommended an additional four level enhancement based upon a finding that Harvey was a leader in a criminal enterprise that involved five or more participants. *See* USSG § 3B1.1. Finally, the presentence report noted that Harvey had a negative net worth and therefore no ability to pay a fine, but that restitution was required in the amount of $39,881.79.

The district court adopted the findings and recommendations in the presentence report and sentenced Harvey to forty-six months imprisonment to be followed by a three year term of supervised release. The district court ordered restitution of $39,881.79, due and payable immediately, and held Harvey and Beeler jointly and severally liable for the restitution.

Harvey first challenges the district court's imposition of a four-level enhancement, pursuant to USSG § 3B1.1(a). We review the dis-

trict court's determination for clear error. *See United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). Section 3B1.1(a) of the Sentencing Guidelines provides for a four-level enhancement, based upon a defendant's aggravating role in the offense, "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Harvey's presentence report, which was adopted by the district court, proposed a four-level enhancement on the basis that Harvey was an organizer or leader of a criminal activity that involved at least five participants. The government, although conceding that it could not establish that Harvey's criminal activity involved five or more participants, asserted that a four-level enhancement was nevertheless proper because Harvey's criminal activity was "otherwise extensive."

Harvey challenges the enhancement on multiple grounds. First, he argues that the district court failed to make the requisite factual findings to support its imposition of the enhancement, and failed to resolve disputed facts concerning the enhancement. Federal Rule of Criminal Procedure 32 requires that, at sentencing, "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R. Crim. P. 32(c)(1). We have held that, in lieu of specific findings by the district court, "the district court may expressly adopt the recommended findings in the presentence report." *United States v. Morgan*, 942 F.2d 243, 245 (4th Cir. 1991). However, if "the district court elects to take this approach in meeting its responsibilities under Rule 32, it must make clear on the record that it has made an independent finding and that its finding coincides with the recommended finding in the presentence report." *Id.*

Our review of the record reveals that the district court failed to make adequate findings and resolve disputed factual issues to support enhancement under § 3B1.1. First, in his objections to the presentence report, and again at sentencing, Harvey asserted that information he provided to authorities in post-arrest interviews should not have been used to calculate his sentence. *See* USSG § 1B1.8 (2000). The Government argued that Harvey's statements were not protected. The district court did not resolve this disputed factual issue, or address whether this issue had any impact on sentencing. In addition, Harvey

submitted information to the district court that indicated Beeler tried to minimize her own culpability for the fraud when she was interviewed by investigators. The district court was required to, at a minimum, rule on whether Harvey's statements were protected under § 1B1.8, and on the credibility of the information Harvey submitted and its impact, if any, on the propriety of the § 3B1.1 enhancement.

The district court also failed to resolve the discrepancy in the basis for the imposition of the enhancement under § 3B1.1. As noted above, the presentence report recommended enhancement on the basis that the criminal activity involved five or more persons. At sentencing, the Government disavowed that basis, arguing instead that the activity was otherwise extensive. While the district court's adoption of the presentence report can be interpreted as an implicit finding that Harvey's criminal activity involved five or more persons, the record is not "clear regarding which disputed issues were resolved by the adoption." *Morgan*, 942 F.2d at 245-46. Harvey also argues that the evidence was insufficient to support the four level enhancement imposed by the district court. We find, however, that the present record is insufficient to permit effective appellate review of this issue.

Harvey next contends that the district court erred in using the intended loss from his criminal activity, rather than the actual losses, in determining his offense level. Harvey did not raise this issue in the district court. Therefore, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Walker*, 112 F.3d 163, 166 (4th Cir. 1997). In determining a sentence, "if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." USSG § 2F1.1, comment. (n.8). *See United States v. Williams*, 81 F.3d 1321, 1328 (4th Cir. 1996). Harvey contends that he would not have placed subsequent fraudulent computer orders if his earlier, unsuccessful orders had been successful because his criminal activities were used to fund his and Beeler's daily living expenses. This contention is pure conjecture. Moreover, his assertion is belied by the record of fraudulent orders placed well before he and Beeler began working together. The district court did not err in including intended losses in its sentencing calculations.

Harvey next contends that the district court erred in ordering that $39,881.79 in restitution be paid in full immediately, without consid-

ering Harvey's financial condition in determining a payment schedule. Harvey did not raise this issue in the district court, and we limit our review to plain error. *See United States v. Ubakanma*, 215 F.3d 421, 427 (4th Cir. 2000). The district court ordered Harvey to pay restitution in the amounts detailed in the presentence report, and imposed joint and several liability with his co-defendant Beeler. Payment was ordered due in full immediately. The court then found that Harvey did not have the ability to pay a fine in addition to restitution, and declined to impose a fine. Harvey does not argue that restitution was inappropriate, nor contest the amount of restitution required, but argues that the district court's order of restitution does not comply with the requirements of 18 U.S.C.A. § 3664(f) (West 2000), and our holding in *United States v. Dawkins*, 202 F.3d 711 (4th Cir.), *cert. denied*, 529 U.S. 1121 (2000). In *Dawkins*, we vacated and remanded a sentence that included a restitution order, in part because the district court failed to make the factual findings required by § 3664(f)(2) in ordering restitution. *Dawkins*, 202 F.3d at 716-17. In this case, as in *Dawkins*, the presentence report described Harvey's negative net worth and projected income, but the report is silent as to any schedule for restitution payments. Because the presentence report does not address a schedule of payments, and the district court did not state any findings that relate Harvey's financial condition to the restitution schedule ordered, we find plain error. *Dawkins*, 202 F.3d at 717; *Ubakanma*, 215 F.3d at 428-29. On remand, the district court shall make the appropriate findings in accordance with § 3664(f).

In his final assertion of error, Harvey contends that the district court erred by failing to specify that the restitution due each victim of his crimes is limited to the amount of actual loss incurred by that victim. Harvey and his co-defendant, Beeler, were ordered jointly and severally liable for restitution; Harvey is liable for $39,881.79, and Beeler is liable for $25,564.06. Harvey did not raise this issue before the district court, and we review for plain error. *Ubakanma*, 215 F.3d at 429. In this case, if Harvey and Beeler each paid the full amount of restitution ordered, the victims would receive $25,564.06 more than the actual losses sustained as a result of the criminal conduct. Because restitution is limited to an amount that will restore the victim to the position occupied prior to the crime, the district court's failure, in imposing joint and several liability, to explicitly limit the total recovery of each victim, is error. However, because there is no statute

or controlling Fourth Circuit law requiring that a restitution order imposing joint and several liability explicitly state the limit of the victims' recovery, the district court's error does not amount to plain error. Nevertheless, because remand for resentencing is necessary in any event, the district court should correct this error when resentencing Harvey by including a limitation on each victim's recovery in its written judgment.

Accordingly, we affirm Harvey's conviction, but vacate his sentence and remand for resentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED*
*AND REMANDED IN PART*