70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alonza Dacosta GRANT, Defendant-Appellant.
 No. 95-5201.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 17, 1995.
Decided Nov. 14, 1995.
 
 Michele S. Nelson, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.
 Beattie B. Ashmore, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alonza Grant was charged with, and pled guilty pursuant to a written plea agreement to, possession with intent to distribute cocaine base in violation of 21 U.S.C.A. Sec. 841(a)(1), (b) (West 1981 & Supp.1995). Grant was sentenced to 120 months imprisonment, five years of supervised release, and a $50 special assessment. Grant noted a timely appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the Fed.R.Crim.P. 11 proceeding and the findings at sentencing, but stating in her view that there exist no nonfrivolous grounds for appeal. Grant did not file a supplemental brief, although he was advised of his right to do so. Finding no error, we affirm.
 
 I.
 
 2
 In reviewing the adequacy of compliance with Rule 11, this court accords "deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir.1991), cert. denied, 503 U.S 997 (1992). Any Rule 11 violations should be evaluated under the harmless error standard. Id. at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. Id.
 
 
 3
 At the time the plea was entered, Grant was twenty-six years old and attending college. He was not under the influence of drugs or alcohol, and he stated that he was satisfied with his counsel's representation. The district court determined that Grant was competent to enter his plea.
 
 
 4
 The court then ascertained that Grant understood what rights he was waiving by entering a guilty plea, and Grant acknowledged that he was aware of his rights. The court read the indictment and explained that the Government would be required to prove two elements: that Grant knowingly possessed crack cocaine and that Grant intended to distribute it. Grant admitted that he possessed the crack and he aided and abetted someone who was distributing it.
 
 
 5
 The court carefully explained that the minimum penalty was ten years and that the maximum penalty was life imprisonment and a $4,000,000 fine. The court discussed the application of sentencing guidelines, and explained that it had the authority to depart from the guidelines in certain circumstances. Further, the court informed Grant that he was subject to a term of supervised release of between two and five years and a special assessment of fifty dollars. The court told Grant that, by statute, the minimum sentence was ten years and Grant stated that he understood. Finally, the court discussed the plea agreement. Grant assured the court that he was pleading guilty voluntarily. He said that the plea was not the result of any promises other than those in the plea agreement, and stated that he was not pleading guilty as a result of any force or threats. A review of the transcript in the subject case reveals full compliance with Rule 11. Accordingly, this claim of error is without merit.
 
 II.
 
 6
 Grant also claims that the district court erred in determining that he possessed a gun in connection with the offense, thereby depriving him of the opportunity to have the court apply United States Sentencing Commission, Guidelines Manual, Sec. 5C1.2 (Nov.1994). This guideline provides that in certain instances when a defendant meets specific criteria, the district court is required to disregard the statutory minimum and impose a sentence within the applicable guideline range. One of the requirements of USSG Sec. 5C1.2 is that the defendant not possess a firearm in the connection with his offense.
 
 
 7
 The presentence report found that Grant possessed a gun in connection with the offense and, thus, recommended a two-level enhancement. Based on the findings in the presentence report, which the district court expressly adopted in its judgment, and the evidence offered at sentencing, the district court found that Grant possessed a firearm in connection with the offense.
 
 
 8
 In examining the district court's findings of fact during sentencing, this court reviews for clear error. United States v. Mark, 943 F.2d 444, 450 (4th Cir.1991). Further, only a preponderance of the evidence need support these facts. United States v. Engleman, 916 F.2d 182, 184 (4th Cir.1990). Although the sentencing judge must independently rule on any contested issues of fact, United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993), a judge may satisfy this requirement by expressly adopting the presentence report's findings. United States v. Morgan, 942 F.2d 243, 245 (4th Cir.1991), cert. denied, --- U.S. ---, 61 U.S.L.W. 3479 (U.S. Jan. 11, 1993) (No. 92-6489). "The burden is on the defendant to show the inaccuracy or unreliability of the presentence report." United States v. Terry, 916 F.2d 157, 162 (4th Cir.1990). "Without an affirmative showing the information is inaccurate, the court is 'free to adopt the findings of the [presentence report] without more specific inquiry or explanation.' " Id. (quoting United States v. Mueller, 902 F.2d 336, 346 (5th Cir.1990)).
 
 
 9
 Not only did the district court explicitly adopt the findings of the presentence report in its judgment, but it also made an explicit finding on the record that Grant possessed a gun in connection with the offense. The court stated specifically, "There is no dispute really that [his possession of the gun] was in connection with [the possession of the crack].... [T]he court finds that the gun is attributable to [Grant]. And in connection with the presentence report as it's prepared, it is proper to treat the gun as it has been treated in this presentence report." We find no clear error in the district court's factual finding.
 
 III.
 
 10
 We have examined the entire record in this case in accordance with the requirements of Anders, supra, and find no meritorious issues for appeal. The court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED