**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5086

ALVIN B. TRUESDALE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-34)

Submitted: February 13, 1996

Decided: March 6, 1996

Before HAMILTON and WILLIAMS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth P. Andresen, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Kenneth D. Bell, First
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Alvin Truesdale, was convicted for violating 21 U.S.C.A. §§ 841, 846, 848 (West Supp. 1995), and 18 U.S.C.A. §§ 924(c), 1956 (West Supp. 1995), in the course of his involvement and orchestration of a major cocaine network. On a prior appeal, this court affirmed his conviction, but remanded the case to the district court with instructions to make further factual findings and for resentencing. The district court held a resentencing hearing and entered the same sentence as originally imposed. Truesdale's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), arguing that the district court made inadequate findings on remand as to the amount of cocaine properly attributable to Truesdale and asserting that there are no meritorious issues for appeal. Truesdale filed an additional brief arguing that the district court made inadequate findings as to the amount of cocaine and whether two prior offenses were properly included in his criminal history. Truesdale asserts that the court was biased and improperly imposed a fine on resentencing. Finding no error, we affirm.

On Truesdale's first appeal, this court affirmed his convictions and remanded to the district court with instructions to vacate Truesdale's conspiracy conviction because it was based on the same events as the continuing criminal enterprise conviction. United States v. McManus, 23 F.3d 878, 888 (4th Cir. 1994). This court also instructed the district court to make specific findings with regard to Truesdale's objections to the presentence investigation report concerning the amount of cocaine attributable to him and whether two criminal convictions were properly included in the determination of his criminal history category. Id.

At resentencing, the district court dismissed the conspiracy conviction and "adopt[ed] the presentence report plus its own memory of the

2

extensive amount of cocaine involved in this case, and [found] between 50 and 150 kilograms of cocaine to be involved." The court found that the two prior convictions were properly included in determining Truesdale's criminal history category. The court then imposed sentence upon Truesdale identical to the sentence originally imposed. Although at the sentencing hearing the court stated that it would impose a $5000 fine, in entering the judgment and commitment order, the district court struck the imposition of the fine because no fine was imposed at the original sentencing.

When a defendant alleges a factual inaccuracy in the presentence report, the district court must make a finding as to that fact or determine that a finding is not necessary because the challenged fact will not affect sentencing. Fed. R. Crim. P. 32. If the court's finding coincides with the presentence report, adoption of the facts presented in the presentence report satisfies Rule 32. United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991).

Truesdale argued that the trial testimony did not support the conclusion that the amount of drugs involved in Truesdale's drug organization was between 50 and 150 kilograms. He argued that the total involved amounted to less than 12 kilograms. However, the district court, relying on its recollection of the amount of cocaine involved, adopted the amount determined in the presentence report and found that between 50 and 150 kilograms were properly attributable and foreseeable to Truesdale.

We find that the district court made adequate factual findings as required by Fed. R. Crim. P. 32 and as directed by our order of remand. Further, the district court's conclusion that 50 to 150 kilograms was properly attributable to Truesdale was not clearly erroneous. See United States v. Hicks, 948 F.2d 877, 881 (4th Cir. 1991). One member of the organization testified that he transported cocaine from Florida to Charlotte every other week between 1987 and 1989 and delivered between two and three kilograms of cocaine per trip to Alvin Truesdale. The district court found that approximately 35 trips were made and that between 70 and 105 kilograms of cocaine were brought into Truesdale's organization. Also, on our previous review of this case, we upheld the district court's attribution of between 50 and 150 kilograms of cocaine to Tennison Harris--Truesdale's asso-

3

ciate and subordinate in the organization. McManus, 23 F.3d at 886-87.

Truesdale also contends that the district court failed to make adequate findings as to whether his October 1988 conviction for assault on a police officer was part of the continuing criminal enterprise. The presentence report notes that there was no information connecting the offenses. Also, Truesdale failed to present any evidence that the assault upon the officer was in furtherance of his cocaine organization.

During the resentencing hearing, the district court determined that this conviction was includable in Truesdale's criminal history category because it involved a "sentence previously imposed . . . for conduct not part of the instant offense." United States Sentencing Commission, Guidelines Manual, § 4A1.2(a)(1) (Nov. 1994). This factual finding was adequate and was not clearly erroneous. See Hicks, 948 F.2d at 881; Morgan, 942 F.2d at 245.

Truesdale also contends that the district court erred in including his September 1988 charge for carrying a concealed weapon because a prayer for judgment continued was entered in January 1989. Section 4A1.2(f) of the Sentencing Guidelines requires that diversionary dispositions (except for diversion from juvenile court) which result from a finding of guilt or an admission of guilt be counted as a prior sentence under U.S.S.G. § 4A1.1(c). In this case, Truesdale entered a plea of not guilty, but he was found guilty. Under U.S.S.G. § 4A1.2(f), this offense was properly included. During the resentencing hearing, the district court reviewed Truesdale's arguments, found that the offense was includable, and explained the application of the Guidelines to this offense. This finding was adequate and was not clearly erroneous. See Hicks, 948 F.2d at 881; Morgan, 942 F.2d at 245.

Truesdale's argument that the offense of carrying a concealed weapon was part of the offense conduct underlying the continuing criminal enterprise conviction--raised for the first time on this appeal --is not properly before the Court. See United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 502 U.S. 949 (1991).

4

Truesdale argues that the district court erred in imposing a fine at resentencing when no fine was imposed during his original sentencing. Because the district court struck the imposition of the $5000 fine on the judgment and commitment order, this issue lacks merit.

In conclusion, we deny Truesdale's motion for appointment of new counsel and affirm his sentence. In light of this disposition, we need not address Truesdale's request that this court reassign his case to a different district court judge upon remand. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5