**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4830**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

KELVIN JEROD HOLMAN, a/k/a J-Five,

                Defendant – Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.   Margaret B. Seymour, District
Judge.   (5:04-cr-00964-MBS-2)

_____

Submitted:  October 22, 2009        Decided:  November 13, 2009

_____

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.    W. Walter Wilkins, United States
Attorney, Stacey D. Haynes, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Jerod Holman timely appeals from the 360-month sentence imposed after pleading guilty to one count of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006).  On appeal, Holman argues that the district court erred in applying the two-level sentence enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c) (2007), and that his sentence is unreasonable.  We affirm Holman's conviction, but vacate his sentence and remand for resentencing.

Holman first asserts that the district court erred in applying the two-level sentence enhancement, pursuant to USSG § 3B1.1(c), for his role in the conspiracy.  Holman urges us to review the district court's imposition of the sentence enhancement for clear error.  Generally, "[a] district court's findings regarding sentence enhancement are factual in nature and are reviewed only for clear error."  United States v. Carter, 300 F.3d 415, 426 (4th Cir. 2002).  However, where the defendant failed to object to the enhancement in the district court, this court reviews for plain error.  United States v. Wells, 163 F.3d 889, 900 (4th Cir. 1998).  Upon review of the sentencing hearing transcript, it appears that Holman did not object to the USSG § 3B1.1(c) sentence enhancement; his only

2

objections were to the amount of drugs attributed to him in the Presentence Investigation Report ("PSR"). Thus, we review for plain error.

To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). We are not required to correct a plain error unless "a miscarriage of justice would otherwise result," meaning that "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (internal quotation marks, alteration, and citations omitted).

Pursuant to USSG § 3B1.1(c), a two-level increase to the defendant's base offense level is warranted "[i]f the defendant was an organizer, leader, manager, or supervisor" in the charged offense and the offense involved less than five participants. The adjustment applies if the defendant organized, led, managed, or supervised one or more participants. USSG § 3B1.1, cmt. n.2. The Guidelines identify the following factors courts should use to distinguish between leaders, organizers, managers, supervisors and other participants:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense,

3

the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4.

Holman contends that the district court erroneously relied on disputed facts in the PSR in assessing the enhancement. Federal Rule of Criminal Procedure 32(i)(3)(B) requires the district court to "make a finding with respect to each objection a defendant raises to facts contained in a presentence report before it may rely on the disputed fact in sentencing." United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991). However, in doing so, the district court is permitted to "expressly adopt the recommended findings contained in the presentence report." Id. When the district court takes this approach, "it must make clear on the record that it has made an independent finding and that its finding coincides with the recommended finding in the presentence report." Id.

Here, the district court stated that "we have an adjustment for role, which is a plus two" and later adopted the findings of fact in the PSR as the reasons for the sentence. In the PSR, the probation officer relied on paragraphs 17, 19, and 54 in applying the USSG § 3B1.1(c) enhancement. While there is no mention of an objection to paragraph 54, Holman asserts that he objected to paragraphs 17 and 19. Our review of the sentencing transcript reveals that Holman only objected to

4

paragraph 19, and only to the extent that he disagreed with the drug amounts attributed to him. The district court resolved that objection, stating that "the court will not use . . . the testimony . . . with regard to counting the drug weights." Because Holman failed to object to any information in the PSR with respect to the sentence enhancement, the district court properly adopted the undisputed findings in the PSR, as permitted by Morgan, and could rely on those findings in assessing the enhancement.

Holman, however, relying on our decision in United States v. Chambers, 985 F.2d 1263, 1269 (4th Cir. 1993), also contends that the district court failed to apply the factors in USSG § 3B1.1, cmt. n.4 or provide specific reasons for applying the enhancement. In Chambers, we vacated the district court's sentence and remanded for further proceedings because, "without specific factual findings showing that the district court evaluated the defendant's role in the offense in light of the factors in [USSG § 3B1.1] application note 3[1], we cannot conduct meaningful appellate review of this issue." Id. We instructed the district court to apply the above factors to determine whether the defendant's role in the conspiracy

_____

[1] Now application note 4.

5

warranted a sentence enhancement, and if so, note which factors justified the decision.  Id.

We find that, while the district court properly adopted the findings of fact in the PSR, it erred by failing to specifically apply the USSG § 3B1.1, cmt. n.4 factors to those findings to determine whether Holman's role warranted the two-level enhancement.  Because the sentence imposed was greater than that to which Holman would have been subject absent the error, we further conclude that the error affected Holman's substantial rights.  See United States v. Hughes, 401 F.3d 540, 548 (4th Cir. 2005).  Therefore, we vacate Holman's sentence and remand for the district court to consider the above factors to determine whether the sentence enhancement is justified.[2]

Accordingly, we affirm Holman's conviction, but vacate his sentence and remand for resentencing.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2] Because we conclude that the district court erred in failing to address the USSG § 3B1.1, cmt. n.4 factors and remand for further proceedings on that issue, we need not consider Holman's alternative challenge to the procedural and substantive reasonableness of his sentence.