**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4540**

───────────

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

      v.

KELVIN JEROD HOLMAN, a/k/a J-Five,

                 Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, District Judge. (5:04-cr-00964-MBS-2)

───────────

Submitted: December 6, 2010       Decided: January 12, 2011

───────────

Before MOTZ, KING, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant. William N. Nettles, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Jerod Holman appeals the 360-month sentence imposed after we vacated his original sentence and remanded to the district court with instructions to apply the factors outlined in U.S. Sentencing Guidelines Manual § 3B1.1 cmt. n.4 (2007), to determine whether his role in the offense warranted the two-level enhancement to his offense level. United States v. Holman, 354 F. App'x 791 (4th Cir. 2009) (unpublished). On appeal, Holman contends that the district court plainly erred by denying him the opportunity for allocution at the resentencing hearing. Finding no reversible error, we affirm.

Because Holman did not object to the denial of allocution in the district court, we review for plain error. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007); see United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard). "Before imposing sentence, the [district] court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). Even when the defendant is permitted to allocute at his original sentencing hearing, "he ha[s] a renewed right to allocute at resentencing." Muhammad, 478 F.3d at 250. Here, while both counsel had ample opportunity to present

2

argument, the district court did not give Holman the opportunity to allocute during the resentencing hearing; thus, the court committed plain error. See id. at 249-50.

Our finding of plain error does not, however, end the inquiry; we must next assess whether the error affected Holman's substantial rights. Olano, 507 U.S. at 732. "[A] defendant [is] not prejudiced by the denial of allocution when there was no possibility that he could have received a shorter sentence." Muhammad, 478 F.3d at 249. If, however, we can identify a ground on which a lower sentence might have been based, we may notice the error. See United States v. Cole, 27 F.3d 996, 999 (4th Cir. 1994) ("When . . . the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received, . . . fairness and integrity of the court proceedings would be brought into serious disrepute were we to allow the sentence to stand.").

Upon review, we conclude that Holman has failed to demonstrate that he was prejudiced by the district court's failure to permit him the opportunity to allocute at resentencing.[*] Accordingly, we affirm the district court's

---

[*] To the extent Holman asserts that he should have been allowed to present to the district court evidence of mitigation unrelated to the role enhancement, the mandate rule precluded the district court from considering such evidence. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED