**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4947**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

PATSY GARDNER,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Patrick Michael Duffy, Senior
District Judge.   (2:09-cr-00914-PMD-1)

———————

Submitted:  May 31, 2011            Decided:  June 7, 2011

———————

Before KING, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Nicole N. Mace III, THE MACE FIRM, Myrtle Beach, South Carolina,
for Appellant.  William N. Nettles, United States Attorney, Eric
J. Klumb, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patsy Gardner pled guilty to conspiracy and embezzlement. The district court sentenced her to 37 months' imprisonment, and ordered her to pay restitution. She appeals, challenging the adequacy of the district court's factual findings in overruling her objections to sentencing enhancements for her role in the offense and obstruction of justice. She also contends that the district court erred by requiring her personal injury settlement monies to be used to pay her restitution. Finding no error, we affirm.

The probation officer recommended that Gardner's offense level be increased by two levels based on her supervisory role in the offense and another two levels based on her having provided a false statement to the investigators. At sentencing, Gardner objected to the role enhancement, asserting that she and her two co-defendants were equal partners in the scheme. She also objected to the word "substantially" in the probation officer's recommendation that the court apply the obstruction of justice enhancement because Gardner "substantially impeded th[e] investigation."

The district court ruled that "the role adjustment is appropriate." The court did not make an express ruling on the obstruction of justice enhancement, but adopted the recommendations in the presentence report and sentenced Gardner

2

to 37 months' imprisonment — the bottom of the advisory Guidelines range. The court also ordered Gardner to pay restitution in the amount of $131,747.10, due immediately. In the written judgment, the court ordered that restitution be paid at $100 per month beginning thirty days after Gardner was released from prison. In the statement of reasons, the district court checked the box indicating that it "adopts the presentence investigation report without change."

The district court is required to make factual findings when ruling on disputed sentencing issues. See Fed. R. Crim. P. 32(i)(3)(B) (providing that, at sentencing, the district court "must - for any disputed portion of the presentence report or other controverted matter - rule on the dispute or determine that a ruling is unnecessary"); United States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010) ("[A] sentencing court must provide a sufficient explanation of its rationale in making factual findings to support its calculation of a defendant's Guidelines range.") (internal quotation marks omitted). In making such requisite findings, "the district court may expressly adopt the recommended findings contained in the presentence report." United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991). However, the court "must make clear on the record that it has made an independent finding and that its finding coincides with the recommended finding in the

3

presentence report." Id.; see United States v. Walker, 29 F.3d 908, 912 (4th Cir. 1994) (upholding sentencing court's determination where court merely overruled objections without specific findings but court confirmed in the Statement of Reasons that it adopted findings in the presentence report).

Here, the district court expressly adopted the findings of the presentence report, and, after hearing the argument of the parties as to the applicability of the role enhancement for Gardner, determined "the role adjustment is appropriate." In the presentence report, the probation officer analyzed the applicability of the enhancement, noting that Gardner directed her two co-defendants in the commission of the offense. She was their supervisor in the office, she directed or ordered them to issue and cash the misappropriated checks, and she received a larger share of the total embezzled funds. We conclude that the findings of the presentence report, as expressly adopted by the district court, are sufficient to support the role enhancement, and thus we affirm the application of the enhancement. See United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009) ("The court's ruling regarding a role adjustment is a factual determination reviewed for clear error.").

Next, Gardner contends that the district court's failure to explicitly rule on her challenge to the obstruction

4

of justice enhancement requires vacatur and a remand for resentencing. Gardner's objection, as it relates to the obstruction of justice enhancement, was merely to the use of the word "substantially" to describe the level to which her false information to the investigators "impeded th[e] investigation." At sentencing, Gardner asserted only that she should have been given another interview to clarify and correct her earlier false statement. At no time did Gardner deny having provided a false statement when initially interviewed by the officials. Because Gardner failed to make a specific objection to the application of the enhancement and failed to make any showing that the enhancement should not apply, the district court was "free to adopt the findings in the presentence report without more specific inquiry or explanation." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) ("The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate."). Gardner did not make the requisite showing; therefore, the district court did not err in adopting the findings in the presentence report as to this enhancement.

Gardner's final challenge is to the district court's determination that a $91,000 personal injury settlement due to Gardner should be applied to the restitution due. She asserts

5

that the court failed to consider her financial resources, projected earnings and other financial obligations. These are factors to be considered when establishing the restitution payment schedule. See 18 U.S.C. § 3664(f)(2) (2006).

However, with the new information about the $91,000 judgment Gardner was about to receive, the court determined under 18 U.S.C. § 3664(n) (2006), that this money should be paid in a lump sum. Section 3664(n) provides: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). The district court properly applied this provision and directed that the money be applied to the restitution judgment.

Accordingly, we affirm Gardner's sentence, and affirm the determination that the $91,000 settlement be used to make a lump sum payment on the restitution debt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>