**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4028**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

EFREN PEREZ-ROBLERO,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:15-cr-00216-FL-1)

Submitted:  September 9, 2016        Decided:  October 19, 2016

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Efren Perez-Roblero appeals his above-Guidelines sentence of 18 months' imprisonment following his plea of guilty to unlawfully reentering the United States after previously having been removed, in violation of 8 U.S.C. § 1326(a) (2012). Perez argues that the district court failed to resolve disputed issues of fact as required by Fed. R. Crim. P. 32(i)(3)(B) and that his sentence is both procedurally and substantively unreasonable.

In reviewing an appellant's procedural challenge to his sentence, we review for plain error if the defendant did not argue for a sentence different than the one imposed. United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010). To prevail under this standard, an appellant must establish that a clear or obvious error by the district court affected his substantial rights. United States v. Olano, 507 U.S. 725, 732, 734 (1993). However, if a party asserts on appeal a claim of procedural sentencing error that it preserved before the district court, we review for an abuse of discretion and will reverse unless we conclude that the error was harmless. Lynn, 592 F.3d at 576.

We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). A "deferential abuse-of-discretion standard applies to any sentence, whether

2

inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012) (internal quotation marks omitted). Thus, in reviewing a variance, we must give due deference to the sentencing court's decision. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011) (citing Gall, 552 U.S. at 51).

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The district court "must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

If we find a sentence procedurally reasonable, we must then examine its substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. Where, as here, the district court imposes a sentence that falls outside the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United

3

States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. Diosdado-Star, 630 F.3d at 364 (alterations and internal quotation marks omitted). Nevertheless, "[t]he farther the court diverges from the advisory guideline range," the more we must "carefully scrutinize the reasoning offered by the district court in support of the sentence." United States v. Hampton, 441 F.3d 284, 288 (4th Cir. 2006) (internal quotation marks omitted). We will affirm if "the § 3553(a) factors, on the whole, justified the sentence" imposed. Diosdado-Star, 630 F.3d at 367 (internal quotation marks omitted).

We review the sentencing court's factual findings for clear error. United States v. Flores-Alvarado, 779 F.3d 250, 254 (4th Cir. 2015). "Accordingly, if the district court makes adequate findings as to a controverted sentencing matter, this court must affirm those findings unless they are clearly erroneous." Id. (alterations and internal quotation marks omitted). "However, the review process cannot take place without the district court first resolving all the disputed matters upon which it relies at sentencing." Id. at 254-55 (internal quotation marks omitted).

4

If the sentencing court failed "to resolve a disputed factual matter on which it necessarily relied at sentencing, this court must vacate the sentence and remand for resentencing." United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991).

Rule 32(i)(3)(A) of the Federal Rules of Criminal Procedure permits a district court to "accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). When a defendant disputes the facts contained in a presentence report, "[a] mere objection to the finding in the presentence report is not sufficient." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Instead, "[t]he defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." Id. The burden is on the defendant, and if the defendant fails to make "an affirmative showing [that] the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." Id. (alteration and internal quotation marks omitted); see United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (finding that the defendant's objection to the presentence report's determination of drug quantity was insufficient to render the district court's adoption of the presentence report

erroneous in the absence of evidence contradicting the report's conclusions).

Pursuant to Rule 32(i)(3)(B), a district court "must — for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). The rule "clearly requires the district court to make a finding with respect to each objection a defendant raises to facts contained in a presentence report before it may rely on the disputed fact in sentencing." Morgan, 942 F.2d at 245 (considering Rule 32(i)(3)(B)'s predecessor, Rule 32(c)(3)(D)). The purpose of the rule "is to ensure that a record is made as to how the district court ruled on any alleged inaccuracy in the [presentence report]." United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994). Thus, the district court may make the required finding by "expressly adopt[ing] the recommended findings contained in the presentence report." Morgan, 942 F.2d at 245. The court may adopt "the [presentence report]'s findings in toto" if "the context of the ruling makes clear that the district court intended by the adoption to rule on each of the alleged factual inaccuracies." Walker, 29 F.3d at 911 (brackets and internal quotation marks omitted).

We have reviewed the parties' briefs and the record in this matter and conclude that the district court's imposition of an 18-month variant sentence was erroneous and unreasonable. <u>See United States v. Atencio</u>, 476 F.3d 1099, 1107 (10th Cir. 2007) (finding that the district court plainly erred in imposing a variant sentence following its adoption of a presentence report containing contradictory facts), <u>overruled in part on other grounds by</u> <u>Irizarry v. United States</u>, 553 U.S. 708 (2008). Accordingly, we vacate Perez-Roblero's sentence and remand for further proceedings in accordance with Fed. R. Crim. P. 32(i) and <u>Gall</u>.

<u>VACATED AND REMANDED</u>